IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH WILLIFORD, # 229597, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:10cv208-TMH |
| | ) | (WO) |
| CHERYL PRICE, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION AND PROCEDURAL HISTORY**

This is a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254

brought by a person in custody under a judgment of a court of the State of Alabama. The

petitioner, Kenneth Williford ("Williford"), challenges the validity of his convictions in the

Circuit Court of Lee County on charges of first-degree rape, in violation of § 13A-6-61, Ala.

Code 1975, and first-degree sodomy, in violation of § 13A-6-63, Ala. Code. 1975.[1] On May

8, 2003, the trial court sentenced Williford to concurrent terms of 25 years in prison.

Williford filed a direct appeal, presenting the following claims:

1.      The trial court erred in requiring him to provide the State with
        the results of DNA analysis conducted by Orchid Cellmark, a
        laboratory retained by Williford.

2.      The trial court erred by allowing the State to call Michael
        Sessoms, a DNA analyst from Orchid Cellmark, during its

---

[1]A jury found Williford guilty of the offenses on February 26, 2003, and the trial court
adjudicated him guilty in accordance with the jury's verdicts.

case-in-chief.

3.      The State failed to establish a proper chain of custody for the DNA evidence.

4.      The trial court erred by allowing S.M. (the victim) to testify to what she thought Williford's intent was.

5.      The trial court erred in prohibiting him from cross-examining S.M. regarding her previous sexual history.

6.      The trial court erred in overruling his objections to testimony by police officer Eric Babbitt on grounds of hearsay.

7.      The trial court erred in denying his motion for a judgment of acquittal based on the State's failure to prove "forcible compulsion" as to both the rape and sodomy charges.

8.      The trial court erred in its instructions to the jury regarding the prosecutor's improper cross-examination, which was the basis for the defense's motion for a mistrial.

9.      The trial court erred by allowing the State to cross-examine him about whether he cooperated in providing DNA samples to the police.

10.     The trial court erred by granting the State's motion in limine seeking to exclude evidence regarding the 1985 second-degree-rape conviction of S.M.'s stepfather.

Exh. 1B at 25-78.[2]

On April 23, 2004, the Alabama Court of Criminal Appeals affirmed Williford's

convictions in an unpublished opinion. Exh. 1E. Williford filed an application for rehearing,

_____

[2]Unless otherwise indicated, references to document numbers are to those assigned by the Clerk to pleadings docketed in the instant action, references to exhibits ("Exh.") are to the respondents' exhibits included with the respondents' answer (Doc. No. 10), and page references in the pleadings are to those assigned by CM/ECF.

which was overruled on May 14, 2004.  Exhs. 1F-H.

Williford then sought certiorari review in the Alabama Supreme Court, arguing, among other things, that the State failed to prove forcible compulsion as to the rape and sodomy charges for which he was convicted.  Exh. 1I.  The Alabama Supreme Court granted Williford's petition for certiorari review "as to the issues dealing with forcible compulsion[,]" and denied it as to all other issues.  Exh. 1J.  On September 16, 2005, the Alabama Supreme Court affirmed Williford's convictions in a published opinion holding that the State's evidence demonstrated forcible compulsion by Williford sufficient to sustain his convictions.  Exh. 1L; *see Ex parte Williford*, 931 So.2d 10 (Ala. 2005).

Williford filed a petition for a writ of certiorari in the United States Supreme Court, arguing issues regarding his expert witness, the cross-examination of S.M., and search and seizure.  Exhs. 1M & 1N.  On June 19, 2006, the Supreme Court denied Williford's petition. Exh. 1O.

On or around July 10, 2007, Williford filed a *pro se* state post-conviction petition pursuant to Rule 32 of the Alabama Rules of Criminal Procedure, in which he presented the following claims:

1.     The State violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to conduct DNA testing on a pubic hair found inside S.M.'s vagina and by suppressing a videotape recorded by the dashboard camera inside the vehicle of the police officer who responded to the incident involving Williford and S.M.

2.     There was a material variance between the allegations in the

indictment and the evidence presented at trial.

3.    His convictions were obtained by deficient or defective indictments, because the definition of "forcible compulsion" was not included in the indictments.

4.    He was denied his right to a fair trial by the trial court's adverse rulings.

5.    His trial counsel, Kenneth Funderburk, rendered ineffective assistance by

(a)    failing to move for a continuance or object to the testimony of State's witness Benny Joe Dykes, because Dykes's name was not provided to the defense and his testimony was prejudicial;

(b)    failing to subpoena Glenn Prickett to serve as an expert witness regarding DNA evidence;

(c)    failing to subpoena Kenneth Wilks and/or Mike Kent to testify regarding the DNA evidence;

(d)    failing to interview Wilks and/or Kent and to hire a professional investigator to investigate a police officer who responded to a 911 call in his case;

(e)    failing to pursue or investigate a potential "impotency defense";

(f)    failing to "put on a vigorous defense" out of fear of the trial judge;

(g)    failing to cross-examine several Opelika police officers regarding their investigation of his case;

(h)    failing to cross-examine Officer Babbitt about the search warrant he obtained;

4

(i) failing to object under *Brady* to the State's failure to comply with the trial court's discovery order regarding Dykes and failing to object to the State's suppression of the police-recorded videotape;

(j) failing to properly object to the testimony of DNA analyst Michael Sessoms, as well as to Sessoms's act of turning over work product to the State;

(k) failing to move for an "*ex parte* hearing" regarding the DNA analysis conducted by Sessoms;

(l) failing to object to the State's "false and/or misleading" closing arguments; and

(m) failing to appear at sentencing (while acknowledging that he was represented by "stand-in" counsel at sentencing).

6. His counsel during the proceedings related to his motion for a new trial, Margaret Y. Brown, rendered ineffective assistance by failing to request an extension of time to file her motion for a new trial in order to investigate and then raise claims of ineffective assistance of trial counsel.

7. His counsel on direct appeal, William David Dawson, rendered ineffective assistance by failing to raise issues on appeal regarding the DNA evidence, the material variance, the defective indictments, and the violation of his right to a fair trial based on the independent claims of trial court error listed above.

Exh. 2A-Part 1 at 10-108.

After receiving a response from the State, the trial court entered an order denying

Williford's Rule 32 petition on February 28, 2008.  Exh. 2A-Part 2 at 21-27 & 85-92; Exh.

2A-Part 3 at 2-4.  Williford appealed from the denial of his Rule 32 petition, reasserting each of his Rule 32 claims in his appellate brief.  Exh. 2B.  On March 10, 2009, the Alabama Court of Criminal Appeals entered an order finding that the trial court had failed to make sufficiently specific findings regarding Williford's claims of ineffective assistance of counsel and remanding the case to the trial court to make such findings.  Exh. 2E.  Thereafter, the trial court submitted an order on return to remand again denying Williford's Rule 32 petition; however, on June 11, 2009, the Alabama Court of Criminal Appeals found that the remand order was insufficient and remanded the case a second time for specific findings regarding Williford's ineffective-assistance claims.  Exh. 2F.

Following a response from the State on remand, the trial court entered a second order on return to remand, this one containing detailed findings as to each of Williford's claims and denying his Rule 32 petition. Exh. 2G. The Alabama Court of Criminal Appeals subsequently adopted the trial court's order as to each of its findings and attached the order to its memorandum opinion affirming the trial court's denial of Williford's Rule 32 petition.  Exh. 2H.

Williford filed an application for rehearing in which he maintained that the trial court failed to comply with the Alabama Court of Criminal Appeals' directive to make specific findings on remand.  Exh. 2I at 1-4. Williford argued that the Alabama Court of Criminal Appeals was "in error for affirming the circuit court's decision[,] [s]ince the circuit court never complied with [the] court's two orders on remand as for refuting all the ineffective

assistance of counsel claims." *Id*. at 3. Williford further argued that the Alabama Court of Criminal Appeals erred by finding that his claim that the evidence in his case had been tampered with was procedurally barred and also erred by "fail[ing] to address the issue of ineffective assistance of trial and appeal counsels on this issue, for failing to object to or challenge this issue at trial or on appeal." *Id*. In addition, Williford maintained that the Alabama Court of Criminal Appeals erred in rejecting his claims regarding the State's closing argument and his trial counsel's ineffective assistance in failing to properly investigate the case. *Id*. at 3-4. Finally, Williford argued that he "made several allegations of ineffective assistance of counsel of which were never addressed by the Respondents[,]" and that he therefore was not provided with notice and due process. *Id*. at 4.

The Alabama Court of Criminal Appeals overruled Williford's application for rehearing on September 25, 2009. Exh. 2J. Williford then filed a petition for a writ of certiorari in the Alabama Supreme Court in which he argued that the trial court had failed to make sufficiently specific findings regarding each of his claims of ineffective assistance of counsel. Exh. 2K at 1-6. On November 13, 2009, the Alabama Supreme Court denied Williford's petition for a writ of certiorari and issued a certificate of judgment. Exh. 2L.

On February 18, 2010, Williford initiated this 28 U.S.C. § 2254 action by filing a habeas petition (Doc. No. 1) in which he appears to reassert the claims he presented in his Rule 32 petition and later presented in the brief he filed with the Alabama Court of Criminal Appeals in appealing the trial court's denial of his Rule 32 petition. (See claims set forth

above in this Recommendation.) The respondents argue that with the exception of Williford's claim that there was a material variance between the allegations in the indictment and the evidence presented at trial – which is, in effect, a challenge to the sufficiency of the State's evidence – all of Williford's claims are procedurally defaulted because they were not presented to the state courts in accordance with the requirements of the state's procedural rules. Doc. No. 10 at 16-20 & 26-30. *See Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002). Specifically, the respondents argue that while Williford presented each of his habeas claims in his state Rule 32 petition and in his brief on appeal from the denial of his Rule 32 petition, he raised only a limited number of these claims in his application for rehearing filed with the Alabama Court of Criminal Appeals (upon that court's affirmance of the trial court's denial of his Rule 32 petition) and then failed to specifically present *any* of these claims in the petition for a writ of certiorari that he subsequently filed with the Alabama Supreme Court. *Id.* The respondents maintain that Williford therefore failed to exhaust these claims properly in the state courts. *Id*. The respondents argue that because Williford cannot return to the state courts to litigate and exhaust these claims (as they would be procedurally barred under state rules), the claims are procedurally defaulted for the purpose of federal habeas review. *Id*. The respondents further argue that Williford cannot show cause and prejudice to excuse his defaulted claims or that a miscarriage of justice will result if his claims are not reviewed. *Id*.

Alternatively, the respondents contend that even if Williford's claims are not defaulted

on this basis, he nevertheless is not entitled to federal habeas relief because (1) his assertions that the trial court failed to render specific findings of fact and that the State failed to refute the allegations in his Rule 32 petition are not cognizable claims for federal habeas relief; (2) the determination of whether his conduct constituted "forcible compulsion" under Alabama's rape and sodomy statutes is not an issue subject to federal habeas review, as it is solely a question of state law; (3) he fails to state a cognizable claim for federal habeas relief in his argument that his conviction was obtained by deficient or defective indictments, as such issues are matters of state law; (4) his claim that his right to a fair trial was violated by the trial court's various rulings is procedurally barred, as the last state court entering judgment denied the claim on the basis of his failure to substantially comply with a state procedural rule, *see Atkins v. Singletary*, 965 F.2d 952, 955 (11th Cir. 1992); and (5) all his claims of ineffective assistance of counsel are meritless and were correctly adjudicated on the merits by the state courts, *see Williams v. Taylor*, 529 U.S. 362, 404-05 (2000).  Doc. No. 10 at 20-68.

The matter is now before this court on Williford's § 2254 petition, the respondents' answer, responses and exhibits filed by the parties, the state court records, various appellate briefs filed by the parties, and opinions and orders of the state appellate courts.  Upon a careful review of the petition and record, this court finds that an evidentiary hearing is not warranted on the issues, *see* 28 U.S.C. § 2254(e)(2), and concludes that the petition should be denied.

## II.   DISCUSSION

**A.   Procedural Default**

The respondents correctly argue that, with the exception of his variance/sufficiency-of-the-evidence claim, all of Williford's habeas claims are procedurally defaulted because they were not properly raised in the state courts and no state remedy remains by which Williford may present such claims.  As the respondents observe, although Williford presented each of his habeas claims in his Rule 32 petition and in his brief on appeal from the denial of his Rule 32 petition, he raised only a limited number of these claims in his application for rehearing filed with the Alabama Court of Criminal Appeals and then failed to present any of these specific claims in the petition for a writ of certiorari filed with the Alabama Supreme Court.  Exhs. 2I & 2K.  Therefore, he failed to exhaust the claims properly in the state courts. *See Price v. Giles*, No. 2:06cv236-WKW, 2009 WL 607422 at *6 n.11 (M.D. Ala. Mar. 6, 2009) ("[T]o the extent it could be argued that the direct appeal claims placed the state appellate court on notice of the claims pending herein, the claims are nevertheless procedurally barred from review because [the petitioner] did not properly exhaust these issues in the state courts as he failed to raise such claims in the application for rehearing and/or petition for writ of certiorari."); *see also Moffett v. Wise*, No. 3:09cv922-TMH, 2011 WL 4102218 at *4 (M.D. Ala. Jun. 29, 2011) (habeas claims not properly exhausted where, although petitioner presented the claims in his state Rule 32 petition and in his brief on appeal from the denial of his Rule 32 petition, he failed to present the claims in his

10

application for rehearing filed with the Alabama Court of Criminal Appeals or in the petition for writ of certiorari that he later filed with the Alabama Supreme Court). Before this court may reach the merits of a habeas petitioner's claims, the petitioner must exhaust the remedies available in state court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including review by the state's court of last resort, even if review in that court is discretionary. *Id*. at 845; *see Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003) ("Nothing in *Boerckel's* reasoning suggests that a different rule should apply in state post-conviction appeals as opposed to direct appeals."); *Smith v. Jones*, 256 F.3d 1135, 1140 (11th Cir. 2001) ("Alabama's discretionary direct review procedures bring Alabama prisoner habeas petitions within the scope of the *Boerckel* rule.").

No state remedy remains by which Williford may now present his unexhausted claims, because any attempt by Williford to exhaust these claims in state court would now be barred by applicable state procedural rules. It is too late for Williford to file an application for rehearing or a petition for certiorari review presenting these claims, and another Rule 32 petition asserting these claims would be barred as a successive petition, *see* Ala.R.Crim.P. 32.2(b) and 32.2(d), as well as an untimely petition, *see* Ala.R.Crim.P. 32.2(c). "It is well established that when a petitioner has failed to exhaust his claim by failing to fairly present it to the state courts and the state court remedy is no longer available, the failure ...

11

constitutes a procedural bar." *McNair v. Campbell*, 416 F.3d 1291, 1305 (11th Cir. 2005).

*See Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) (when a petitioner fails to

properly exhaust claims in state court and is barred from raising claims in state court by

applicable procedural rules, such claims are procedurally defaulted); *Bailey v. Nagle*, 172

F.3d 1299, 1305 (11th Cir. 1999) ("[F]ederal courts may treat unexhausted claims as

procedurally defaulted, even absent a state court determination to that effect, if it is clear

from state law that any future attempts at exhaustion would be futile."); *Snowden v.*

*Singletary*, 135 F.3d 732, 736 (11th Cir. 1998) ("[W]hen it is obvious that the unexhausted

claims would be procedurally barred in state court due to a state-law procedural default,

[federal courts must] ... treat those claims now barred by state law as [procedurally defaulted

with] no basis for federal habeas relief.").  Williford's claims are procedurally defaulted.

        This court may reach the merits of Williford's procedurally defaulted claims "only in

two narrow circumstances.  First, a petitioner may obtain federal review of a procedurally

defaulted claim if he can show both 'cause' for the default and actual 'prejudice' resulting

from the default.  *See Murray v. Carrier*, 477 U.S. 478, 485 (1986); [*Wainwright v.*] *Sykes*,

433 U.S. [72,] 87 [(1977) ]....  Second, a federal court may also grant a habeas petition on a

procedurally defaulted claim, without a showing of cause or prejudice, to correct a

fundamental miscarriage of justice. *Murray*, 477 U.S. at 495-96.  A 'fundamental miscarriage

of justice' occurs in an extraordinary case, where a constitutional violation has resulted in

the conviction of someone who is actually innocent.  *Id*."  *Henderson*, 353 F.3d at 892.

### 1.    *Cause and Prejudice*

"To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper,* 169 F.3d 695, 703 (11th Cir. 1999). To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Id*.; *Crawford v. Head,* 311 F.3d 1288, 1327-28 (11th Cir. 2002).

*Henderson*, *supra*, 353 F.3d at 892.

"For cause to exist, an external impediment, whether it be governmental interference or the reasonable availability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497 (1991). Williford fails to meet his burden of establishing cause for his procedural default. Consequently, his claims are procedurally defaulted. Nevertheless, this court may still reach the merits of procedurally defaulted claims in order to prevent a fundamental miscarriage of justice.

### 2.    *"Fundamental Miscarriage of Justice" Standard*

A federal court may grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice. *Murray v. Carrier,* 477 U.S. 478, 495-96 (1986). A "fundamental miscarriage of justice" occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent. *See Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003).

The miscarriage of justice standard is directly linked to actual innocence. *Schlup v. Delo*, 513 U.S. 298, 321 (1995). Actual innocence is not an independent claim; rather, it is

the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted. *Id.* at 315. This exception applies where a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496; *Schlup v. Delo*, *supra*. "To establish actual innocence, [a habeas petitioner] must demonstrate that ... 'it is more likely than not that no reasonable juror would have convicted him.' *Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)." *Bousley v. United States*, 523 U.S. 614, 623 (1998). The standard exacted by *Schlup* "is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006). Thus, "[i]n the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of defaulted claims." 547 U.S. at 537. "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. *See Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)." *Bousley*, 523 U.S. at 623-624; *Doe v. Menefee*, 391 F.3d 147, 162 (2nd Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence."). *Schlup* observes that "a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.... To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial. Because such evidence is obviously unavailable

14

in the vast majority of cases, claims of actual innocence are rarely successful."  513 U.S. at 324.

Williford fails to make the requisite showing of actual innocence.  He presents no evidence that could satisfy the difficult standard set forth in *Schlup*. Consequently, his procedurally defaulted claims are foreclosed from federal habeas review.

## B.    Exhausted Claim Adjudicated on Merits by State Courts

On direct appeal, Williford challenged the sufficiency of the State's evidence as to both the rape and sodomy charges, arguing specifically that the State failed to present evidence of "forcible compulsion," a necessary element of both first-degree rape and first-degree sodomy.[3]  *See* Exh. 1B at 40-57 & 69-76.  He pursued this claim throughout the

---

[3]Section 13A-6-61, Ala. Code 1975, defines the offense of first-degree rape; it reads, in pertinent part:

(a) A person commits the crime of rape in the first degree if:

(1) He or she engages in sexual intercourse with a member of the opposite sex by forcible compulsion....

Section 13A-6-63, Ala. Code 1975, defines the offense of first-degree sodomy; it reads, in pertinent part:

(a) A person commits the crime of sodomy in the first degree if:

(1)  He engages in deviate sexual intercourse with another person by forcible compulsion...."

"Forcible compulsion" is defined by statute as "[p]hysical force that overcomes earnest resistance or a threat, express or implied, that places a person in fear of immediate death or serious
(continued...)

15

direct-appeal process, reasserting it in the application for rehearing he filed in the Alabama Court of Criminal Appeals and then in the petition for a writ of certiorari he filed in the Alabama Supreme Court. *See* Exh. 1E at 19-24 & *Ex parte Williford*, 931 So.2d 10 (Ala. 2005). Consequently, Williford fully exhausted this claim in the state courts. Although he couches this claim in his habeas petition in terms of a "material variance," he actually challenges the sufficiency of the evidence to support his convictions. On direct appeal, the Alabama Court of Criminal Appeals concluded that sufficient evidence existed to support Williford's convictions because his acts against S.M. constituted forcible compulsion. On certiorari review, the Alabama Supreme Court also found that the evidence was sufficient to establish that Williford exhibited forcible compulsion over S.M. Thus, Williford's variance/sufficiency-of-the-evidence claim constitutes a properly exhausted claim that was adjudicated on the merits by the state courts.

The Due Process Clause of the Fourteenth Amendment prohibits a criminal conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime." *In re Winship*, 397 U.S. 358, 364 (1970). Habeas relief on the merits of a claim of legally insufficient evidence is appropriate under § 2254 only "if it is found that upon the record evidence adduced at trial no rational trier of fact could have found proof of guilt

---

[3](...continued)
physical injury to himself or another person." § 13A-6-60(8), Ala. Code 1975.

beyond a reasonable doubt."[4] *Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *see also Lewis v. Jeffers*, 497 U.S. 764, 781 (1990).  But this inquiry does not require a court to "ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt." ...  [I]nstead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  *Jackson*, 443 U.S. at 318-19.  To be sufficient, the "evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt."  *United States v. Harrell*, 737 F.2d 971, 979 (11th Cir. 1984).  Sufficiency claims are judged by the elements of the offense defined by state law.  *Jackson*, 443 U.S. at 324 n.16.

In addressing the sufficiency of the evidence to support Williford's convictions, the Alabama Supreme Court stated, in pertinent part, as follows:

> Williford argues that his convictions are not supported by sufficient evidence because, he says, the State presented no evidence of "forcible compulsion," a necessary element of both first-degree rape and first-degree sodomy. ...

> The force necessary to sustain a conviction for first-degree rape or first-degree sodomy is relative. *Pittman v. State*, 460 So.2d 232, 235 (Ala. Crim. App. 1984) ("The force required to consummate the crime [of rape] against a mature female is not the standard for application in a case in which the alleged victim is a child thirteen years of age."), writ quashed, 466 So.2d 951 (Ala. 1985).  "[T]he 'totality of the circumstances' should be considered

---

[4]Because the Due Process Clause prohibits the criminal conviction of any person except upon proof of guilt beyond a reasonable doubt, this court will presume Williams's sufficiency of the evidence claim alleges a constitutional violation sufficient for federal habeas corpus review.

in deciding whether there was sufficient evidence of forcible compulsion...." *Parrish v. State*, 494 So.2d [705,] at 713 [(Ala. Crim. App. 1985)].

....

... The record indicates that there may have been other individuals with whom S.M. was sexually involved around the time Williford assaulted her. The issue of who or what caused S.M.'s injury was properly presented to the jury.

S.M. ... did not call out for help or offer vigorous physical resistance to the sexual advances. What constitutes "earnest resistance" depends upon the circumstances. *See Pittman v. State*, 460 So.2d at 235. Williford was in his early forties and imposed himself on a young girl of 14. ... Williford had no basis for believing that the sexual contact was permissive.

S.M. testified on direct examination that Williford acted with force and that S.M. resisted his sexual advances:

Q.  [S.M.], tell me what Mr. Williford said.

A.  He told me to suck his dick and he called me a black bitch.

Q.  What happened next?

A.  And he pulled down his pants and put his hand behind my head.

....

Q.  What position were you in?

A.  On my knees.

Q.  What happened then?  You say [Williford] put his hand on your head?  Why was that?

A.  To make me have oral sex with him.

18

Q. Did you want to do that?

A. No, ma'am.

Q. Did [Williford] say anything when you resisted him?

A. "Don't act like you never done it before."

The subsequent testimony revealed that, after S.M. performed oral sex on Williford, Williford attempted unsuccessfully to have anal sex with her. Williford then had sexual intercourse with S.M. On redirect examination, when S.M. was questioned about what she had told a counselor at the Child Advocacy Center, S.M. testified that Williford had forced her head to his penis.

The incident between Williford and S.M. occurred in the bedroom of an abandoned mobile home in a trailer park owned and operated by Williford with no one else present.  Williford put his hand on the back of S.M.'s head to force her to perform oral sex on him; S.M. resisted.  He told her "not to act like she hadn't done this before," a statement that confirms that he recognized that she was resisting. Williford then attempted to have anal sex with S.M., and S.M. began to cry. He then had sexual intercourse with her. The Court of Criminal Appeals concluded that the jury could have found forcible compulsion – "[p]hysical force that overcomes earnest resistance"– from the totality of the circumstances.  We agree.  Accordingly, we cannot conclude that the Court of Criminal Appeals erred in holding, based on the totality of the circumstances, that there was sufficient evidence of forcible compulsion to support Williford's convictions for first-degree rape and first-degree sodomy.

931 So.2d at 13-16 (footnotes omitted).

To prevail on his § 2254 claim adjudicated on the merits by the state courts, Williford

must show that a decision by the Alabama state courts was "contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the Supreme

Court of the United States," or was "based on an unreasonable determination of the facts, in

light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d)(1) & (2);[5]

*see Williams v. Taylor*, 529 U.S. 362, 404-05 and 412-13 (2000).  A state court's decision

can be "contrary to" federal law either (1) if it fails to apply the correct controlling authority,

or (2) if it applies the controlling authority to a case involving facts "materially

indistinguishable" from those in a controlling case, but nonetheless reaches a different result.

*Williams*, 529 U.S. at 405-06. A state court's decision can involve an "unreasonable

application" of federal law if it either (1) correctly identifies the governing rule but then

applies it to a new set of facts in a way that is objectively unreasonable, or (2) extends or fails

to extend a clearly established legal principle to a new context in a way that is objectively

unreasonable. *Id*. at 407. "Federal habeas relief is available under the 'unreasonable

application' standard only if the state court's application of clearly established federal law

was 'objectively unreasonable.'" *Parker v. Head*, 244 F.3d 831 (11th Cir. 2001) (citing

---

[5] 28 U.S.C. § 2254(d) provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)   resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or

(2)   resulted in a decision based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceedings.

*Williams*, 529 U.S. at 409).  It is the objective reasonableness, not the correctness *per se*, of the state court decision that this court must decide.  *See Williams*, 529 U.S. at 411; *Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001). "Under § 2254(d)(1)'s 'unreasonable application' clause, ... a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 411.  Federal district courts are likewise directed to determine whether the state court based its findings on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).  A state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).  However, even when the state court addresses a question of law, this court is not authorized "to evaluate [a petitioner's] claim *de novo* rather than through the lens of § 2254(d)." *Price v. Vincent*, 538 U.S. 634, 639 (2003).  The Supreme Court admonishes that such evaluation "exceeds the limits imposed on federal habeas review by 28 U.S.C. § 2254(d)." *Id*. at 636.

The state court rejected Williford's challenge to the sufficiency of the evidence to sustain his convictions for first-degree rape and first-degree sodomy. This court must therefore deny habeas relief unless one of the two exceptions found in 28 U.S.C. § 2254(d) applies.  *See Mobley v. Head*, 267 F.3d 1312, 1316 (11th Cir. 2001).  Having independently

reviewed the record, the arguments presented by the parties, the applicable statutes, and the controlling case law, the undersigned finds that Williford has not met his burden in this regard.  That is, the Alabama Supreme Court did not decide Williford's challenge to the sufficiency of the evidence "differently than [the United States Supreme] Court has [in a case based] on a set a of materially indistinguishable facts" nor did the state courts apply a rule that contradicts governing federal law. *Williams*, 529 U.S. at 413.  Consequently, the state court's rejection of the sufficiency claim was not contrary to actual United States Supreme Court decisions.

Further, a thorough review of the evidentiary materials submitted in this case establishes that the state court's rejection of Williford's argument was objectively reasonable and likewise constituted a reasonable determination of the facts in light of the evidence presented by the parties. After viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of first-degree rape and first-degree sodomy – including forcible compulsion – beyond a reasonable doubt. *See Jackson*, 443 U.S. at 318-19. Williford is therefore not entitled to relief under the governing federal habeas corpus standard of review.[6]

_____

[6]The second order entered by the trial court on return to remand in Williford's appeal from the denial of his Rule 32 petition went into expansive detail in addressing each of Williford's Rule 32 claims. *See* Exh. 2G. As indicated above, that order was adopted by the Alabama Court of Criminal Appeals in its memorandum opinion affirming the trial court's denial of the Rule 32 petition. *See* Exh. 2H.  Williford's suggestion that the trial court's final order contained insufficient findings of fact is meritless.  Even if this court were to find that Williford's claims discussed in Part
(continued...)

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The petition for habeas corpus relief filed by Williford be DENIED.

2.  This case be DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before March 1, 2012. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

---

[6](...continued)
II.A of this Recommendation were not procedurally defaulted, Williford would not be entitled to federal habeas relief.  A review of the record reveals that the state court's rejection of these claims was objectively reasonable. *Williams*, 529 U.S. at 404-06.  Likewise, the state court's decision was a reasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d)(2); *Williams*, 529 U.S. at 404-05.  Therefore, this court concludes that habeas relief is not warranted even upon examination of the merits of Williford's defaulted claims.

DONE, this 16th day of February, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE